1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10    DAVID Q. WEBB,

11                          Plaintiff,

12          v.

13    KELLY BUSEY, et al.,

14                          Defendants.

CASE NO. 3:22-CV-5030-DGE

ORDER ALLOWING AMENDED
COMPLAINT AND RENOTING
APPLICATION TO PROCEED *IN
FORMA PAUPERIS*

15

16          The District Court has referred Plaintiff David Q. Webb's pending Application to

17    Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge

18    David W. Christel pursuant to Amended General Order 02-19. On January 14, 2022, Plaintiff

19    filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is,

20    without paying the filing fee for a civil case. *See* Dkt. 1.

21          **Standard for Granting Application for IFP.**  The district court may permit indigent

22    litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C.

23    §1915(a). However, the court has broad discretion in denying an application to proceed IFP.

24    *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

1       **Plaintiff's Application to Proceed IFP.**  Plaintiff states that he is unemployed. *See* Dkt.

2  1. Plaintiff has only $20.00 cash on hand and $210.00 in his bank accounts. *Id*. at p. 2. He has no

3  assets. *Id*. While Plaintiff has nearly no monthly expenses, he has very limited income and is

4  homeless. *Id*. at 1-2.

5       **Review of the Complaint.**  The Court has carefully reviewed the proposed complaint in

6  this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the

7  pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los*

8  *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

9       In the proposed complaint, Plaintiff states Defendants have intentionally discriminated

10  against him due to his race, color, and national origin. Dkt. 1-1. Plaintiff's claims appear to arise

11  from (1) an occasion where a Gig Harbor police officer allegedly illegally detained Plaintiff, and

12  (2) a "Trespass Admonishment" issued by the Gig Harbor police department. *Id*.

13       ***Sua Sponte* Dismissal.**  The Court must subject each civil action commenced pursuant to

14  28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that

15  is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

16  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

17  *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

18  1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

19  2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

20  *sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it

21  ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

22  1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also*

23  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

24

Case 3:22-cv-05030-DGE   Document 4   Filed 02/02/22   Page 3 of 8

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Analysis of Plaintiff's Claims**.

*Title VI*. It appears Plaintiff seeks to bring a Title VI claim against Defendants. *See* Dkt. 1-1. Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d *et seq.*, provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to intentional discrimination under any program or activity receiving Federal financial assistance." This statute creates a private cause of action for claims of intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). To state a claim, a plaintiff must allege that the entity is engaging in discrimination on the basis of a prohibited ground and that the entity receives federal financial assistance. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) (citations omitted), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).

District courts in this Circuit have uniformly ruled that defendants in their individual capacities are not subject to suit under Title VI. *See*, *e.g.*, *Corbin v. McCoy*, 3:16-cv-01659-JE, 2018 WL 5091620, at *7 (D. Or. Sept. 24, 2018) (cataloguing cases). This is because Title VI is directed toward programs that receive federal financial assistance, so that there is no private right of action against individual employees or agents of entities receiving federal funding. *Id.* A plaintiff may bring a claim against a defendant who receives federal financial assistance in that

AND RENOTING APPLICATION TO PROCEED
IN FORMA PAUPERIS - 3

1 | defendant's official capacity. *See Braunstein v. Ariz. Dep't of Trans.*, 683 F.3d 1177, 1189 (9th

2 | Cir. 2012) (noting that Congress has abrogated the Eleventh Amendment immunity of states for

3 | Title VI suits so that suits may be brought against officials in their official capacities).

4 |       Here, any claims against Defendants in their personal capacity are not actionable under

5 | Title VI. *See*, *e.g.*, *Corbin*, 2018 WL 5091620 at *7. Furthermore, Plaintiff does not explain how

6 | any particular Defendant's actions were motivated by racial discrimination. *See* Dkt. 1-1.

7 | Plaintiff only states that Defendants intentionally discriminated against him based on his race,

8 | color, and national origin as an African American male. *Id*. at 21. This conclusory statement is

9 | not sufficient to state a claim upon which relief can be granted. Therefore, Plaintiff has failed to

10 | state a colorable Title VI claim.

11 |       *Section 1983*. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must

12 | show: (1) he suffered a violation of rights protected by the Constitution or created by federal

13 | statute, and (2) the violation was proximately caused by a person acting under color of state law.

14 | *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is

15 | therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510

16 | U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how

17 | individually named defendants caused, or personally participated in causing, the harm alleged in

18 | the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff must also plead

19 | facts showing the defendants were acting under color of state law. *Gibson v. United States*, 781

20 | F.2d 1334, 1338 (9th Cir. 1986). Sweeping conclusory allegations against an official are

21 | insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be

22 | based on vicarious liability alone, but must allege the defendant's own conduct violated the

23 | plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

24 |

ORDER ALLOWING AMENDED COMPLAINT
AND RENOTING APPLICATION TO PROCEED
IN FORMA PAUPERIS - 4

1    In this matter, Plaintiff's proposed complaint fails to state a claim under § 1983. First,

2    Plaintiff's claims are vague, unclear, and conclusory. It appears Plaintiff's claims arise from an

3    incident where he believes he was wrongfully detained by Defendant Tray Federici, a detective

4    with the Gig Harbor Police Department. Dkt. 1-1. Plaintiff does not provide a clear factual

5    statement that explains how Defendant Federici violated Plaintiff's constitutional rights and how

6    Plaintiff was harmed. Further, Plaintiff does not provide allegations, beyond conclusory

7    statements, that the remaining Defendants personally participated in any alleged unconstitutional

8    violations. The Court also notes some Defendants hold supervisory positions. *See* Dkt. 1-1.

9    Plaintiff cannot bring a §1983 action against a supervisor on a theory that the supervisor is liable

10   for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). In

11   sum, the proposed complaint is merely a recitation of the law and vague, conclusory allegations

12   against each Defendant. This is insufficient to state a claim under § 1983. *See Jones v.*

13   *Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory

14   allegations unsupported by facts are not sufficient to state section 1983 claims).

15   Additionally, Plaintiff has not alleged facts sufficient to show several Defendants[1] were

16   state actors acting under the color of state law. Rather, based on the allegations in the proposed

17   complaint, a majority of Defendants are private citizens. *See* Dkt. 1-1. "Generally, private persons

18   cannot be liable under section 1983 unless their actions were 'clothed' with governmental

19   authority." *Goehring v. Wright*, 858 F.Supp. 989, 997 (N.D. Cal. 1994); *see Peng v. Mei Chin*

20

21

22   [1] The following Defendants do not appear to be state actors acting under color of state law: Enterprise
     Holdings, LLC, Jessica Rivera-Sink, Key Bank/KeyCorp, Mikaela Rae Wessel, Trinity Parker, Riley Ranch, Kohl's
     Department Store, Inc./Kohl's Inc., Stormi Crow, The Inn at Gig Harbor, LLC, Marisol Hernandez, Ocean 5, LLC,
     Carlee Meigs, Aaron Shook, Soma & Chicos, Haley Grove, Gig Harbor Peninsula Area Chamber of Commerce,
23   Spenser Czuleger, Warren Zimmerman, Best Western Wesley Inn & Suites, Sue Braaten, Sunset Grill Restaurant,
     Alexandra Kepl, Elizabeth Remick, Sally Beauty Supply, Laurel Steele, Tyler Welch, Robin E. Rose, and Serena
24   Partridge.

ORDER ALLOWING AMENDED COMPLAINT
AND RENOTING APPLICATION TO PROCEED
IN FORMA PAUPERIS - 5

*Penghu*, 225 F.3d 970, 980 (9th Cir. 2003). While the factual allegations are conclusory, it appears several private citizens were allegedly involved in speaking to the Gig Harbor police department about Plaintiff. Dkt. 1-1. Their involvement in Plaintiff's case resulted in a Trespass Admonishment being issued against Plaintiff by the Gig Harbor Police Department. *See id*. At most, Plaintiff has alleged several Defendants provided statements about Plaintiff to the Gig Harbor Police Department. *Id*. There are no allegations these Defendants are state actors or that their actions were "clothed with governmental authority." Therefore, under the allegations contained in the proposed complaint, a majority of the named Defendants cannot be liable under §1983 and Plaintiff has failed to state a claim upon which relief can be granted.

  *State law claims*. Plaintiff is also attempting to assert state law claims against all Defendants. Dkt. 1-1. Plaintiff provides conclusory allegations that are unsupported by a factual statement. As such, these claims do not sufficiently state a claim upon which relief can be granted. Moreover, Plaintiff has not stated a federal claim for relief. A district court has discretion over whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims, as well. *Artis v. District of Columbia*, 138 S.Ct. 594 (2018) (citing 28 U.S.C. § 1367(c)) (2018); *see also Carlsbad Tech.*, 556 U.S. at 639-40. Here, Plaintiff has not sufficiently alleged state law claims. Further, Plaintiff's state law claims do not appear to relate to the federal claims.

  *Rule 8*. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

ORDER ALLOWING AMENDED COMPLAINT
AND RENOTING APPLICATION TO PROCEED
IN FORMA PAUPERIS - 6

"Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Here, the proposed

complaint includes lengthy recitations of law with only conclusory, repetitive assertions that

individual Defendants violated Plaintiff's rights. *See* Dkt. 1-1. "[T]he Court cannot glean what

claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's

responsibility to make each claim clear and provide only a short statement of facts supporting

[each] claim." *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005). Therefore,

Plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil

Procedure 8 and this Order.

   *Conclusion*. The Court finds Plaintiff's proposed complaint does not comply with Rule 8

and Plaintiff has failed to state a claim upon which relief can be granted. To proceed with this

lawsuit, Plaintiff must file an amended complaint. The amended complaint must include a short,

plain statement clearly stating the factual allegations supporting Plaintiff's claims and provide

clarity regarding what claims he is attempting to bring in this lawsuit. Plaintiff must allege facts

to show each Defendant has violated his constitutional rights.

   **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of

a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an

opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245,

248 (9th Cir.1995). At this time, the Court finds Plaintiff may be able to cure some of the defects

of the proposed complaint. Therefore, Plaintiff should be afforded an opportunity to amend his

proposed complaint to attempt to cure the deficiencies. Plaintiff's proposed amended complaint,

if any, should be filed on or before March 4, 2022.

   **Decision on Application to Proceed IFP**.  A district court may deny leave to proceed

IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous

1  or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v.*

2  *First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).

3        Based upon the above analysis of the deficiencies in the proposed complaint, the Court

4  finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 1) to March 4, 2022.

5        Accordingly, it is hereby **ORDERED** that:

6  •  Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is **RENOTED** to **MARCH**

7     **4, 2022;** and

8  •  Plaintiff's proposed amended complaint, if any, **IS DUE** on or before **MARCH 4, 2022**.

9        Failure to file a proposed amended complaint or to otherwise respond to this Order will

10  result in the undersigned recommending dismissal of this matter without prejudice.

11        Dated this 2nd day of February, 2022.

12

13                                        David W. Christel

14                                        United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

ORDER ALLOWING AMENDED COMPLAINT
AND RENOTING APPLICATION TO PROCEED
IN FORMA PAUPERIS - 8