UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID Q. WEBB,

          Plaintiff,

   v.

KELLY BUSEY, et al.,

          Defendant.

CASE NO. 3:22-CV-5030-DGE

REPORT AND RECOMMENDATION

Noting Date: April 29, 2022

    The District Court has referred Plaintiff David Q. Webb's pending Application to Proceed *In Forma Pauperis* ("IFP") to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19. The Court issued an Order Allowing Amended Complaint and Renoting Application to Proceed *In Forma Pauperis* ("Order"), wherein the Court found Plaintiff's proposed complaint suffered from deficiencies warranting dismissal. Dkt. 4. The Court directed Plaintiff to file an amended complaint. On February 28, 2022, Plaintiff filed the proposed amended complaint. Dkt. 5.

    The Court has reviewed the proposed amended complaint and finds Plaintiff has not corrected the deficiencies identified in the Order. Further, Plaintiff has not stated a claim upon

which relief can be granted. Accordingly, the undersigned recommends the Application to Proceed IFP be denied, all proposed motions be denied as moot, and this case be dismissed without prejudice.

## I. Background

In the proposed amended complaint, Plaintiff alleges Defendants have violated his constitutional rights. Dkt. 5. Plaintiff's claims appear to arise from (1) an occasion where a Gig Harbor police officer allegedly illegally detained Plaintiff, and (2) several "Trespass Admonishments" issued by law enforcement officers. *Id*. The Court notes the proposed amended complaint does not appear to differ significantly from the proposed complaint. *See* Dkt. 1-1, 5.

## II. Discussion

### A. *Legal Standard*

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

B.   *Analysis of Plaintiff's Claims.*

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). The Court previously warned Plaintiff that he must file an amended complaint that complies with Rule 8. Dkt. 4. Like the proposed complaint, the proposed amended complaint includes the same lengthy recitations of law with only conclusory, repetitive assertions that individual Defendants violated Plaintiff's rights. *See* Dkt. 5. "[T]he Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim." *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005). The 61-page[1] proposed amended complaint is difficult to understand and fails to show Plaintiff is entitled to any relief. Thus, Plaintiff's proposed amended complaint does not comply with Rule 8.

Moreover, Plaintiff has not clearly stated a claim upon which relief can be granted. The proposed amended complaint contains threadbare recitals of constitutional rights and causes of action without adequate factual allegations to support any claims for relief. For example,

---

[1] The proposed amended complaint is 48-page complaint with 13 pages of exhibits.

Plaintiff contends Gig Harbor police officers are liable for the use of excessive force. *See* Dkt. 5. However, Plaintiff does not allege the officers used force against Plaintiff; rather, he states they have a practice and pattern of using excessive force. The proposed amended complaint is devoid of facts that would support an excessive force claim. As there are no allegations that force was used against him, Plaintiff has not stated an excessive force claim. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). Likewise, Plaintiff complains that several private citizens and private companies have violated Plaintiff's First Amendment rights when "Trespass Admonishments" were issued against him. Dkt. 5. It is "undisputed that the First Amendment of the United States Constitution only applies to government actors; it does not apply to private corporations or persons." *See Redden v. The Women's Ctr. of San Joaquin Cty.*, 2006 WL 132088, at *1 (N.D. Cal. Jan. 17, 2006). Therefore, Plaintiff's claims against private citizens and private companies for violations of his First Amendment rights are not cognizable.

      Plaintiff also attempts to assert state law claims (i.e. false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress) against the Defendants. Dkt. 5. Plaintiff provides conclusory allegations that are unsupported by a factual statement. As such, these state law claims do not sufficiently state a claim upon which relief can be granted. Furthermore, Plaintiff has not stated a federal claim for relief. A district court has discretion over whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it

will dismiss all related state claims, as well. *Artis v. District of Columbia*, 138 S.Ct. 594 (2018) (citing 28 U.S.C. § 1367(c)) (2018); *see also Carlsbad Tech.*, 556 U.S. at 639-40. Here, Plaintiff has not sufficiently alleged state law claims. However, if he had, the undersigned recommends declining supplemental jurisdiction as there are no viable federal claims.

The Court has thoroughly reviewed Plaintiff's proposed amended complaint. Plaintiff failed to comply with the Court's Order to correct the deficiencies of his proposed complaint. Plaintiff has not filed a proposed amended complaint that complies with Rule 8 and Plaintiff has not provided sufficient factual allegations to state a claim upon which relief could be granted. In sum, Plaintiff's lengthy, incoherent proposed amended complaint fails to string together a viable theory of liability. Plaintiff, therefore, does not state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### III. Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Plaintiff has been allowed to amend his proposed complaint and the Court instructed Plaintiff regarding the deficiencies of his proposed complaint. *See* Dkt. 4. Therefore, the Court recommends Plaintiff not be given additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th

Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### IV. Conclusion

For the reasons discussed in this Report and Recommendation and the previously filed Order, Plaintiff has failed to comply with the Court's Order. He has not filed a proposed amended complaint that complies with Rule 8 nor stated a claim upon which relief can be granted. The Court finds additional leave to amend is not warranted. Therefore, the Court recommends the Application to Proceed IFP (Dkt. 1) be denied, all proposed motions be denied as moot, and this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 29, 2022, as noted in the caption.

Dated this 12th day of April, 2022.

David W. Christel
United States Magistrate Judge